## Interstate Liquor Transportation.

*Liquor laws—Transportation of liquor into State—Woner Act of May 5, 1921—Reed Amendment.*

1. Under the Act of May 5, 1921, P. L. 407, Pennsylvania is a state "the laws of which . . . prohibit the manufacture or sale therein of intoxicating liquor for beverage purposes" within the meaning of the Reed Amendment of the Volstead Act of Congress (U. S. Stat., vol. 39, page 1069).

2. A person moving his residence into this State, and attempting to bring liquor with him for beverage purposes, violates the laws of Pennsylvania.

Attorney-General's Department. Opinion to Rev. J. T. Davis, Federal Prohibition Director, Philadelphia.

ALTER, Att'y-Gen., May 1, 1922.—I have received your letter of April 11, 1922, inquiring "whether the construction of the Pennsylvania State law is such as to come within the scope of the Reed Amendment (U. S. Stat., vol. 39, page 1069) and so as to prohibit the importation of liquor for beverage use upon the permanent change of residence of the owner."

Attached to your inquiry is a copy of Pro. Minn., No. 224, entitled "Issuance of Permits Form 1410 B for Transportation in Interstate Commerce of Intoxicating Liquor for Beverage Use," which states that permits may be granted under Federal regulations for transportation of liquor for personal use into any state or territory excepting those states which come within the Reed Amendment.

The Reed Amendment provides, *inter alia,* as follows: "Whoever shall order, purchase or cause intoxicating liquors to be transported in interstate commerce, except for scientific, sacramental, medicinal and mechanical purposes, into any state or territory, the laws of which state or territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes, shall be punished as aforesaid."

The Woner Prohibition Enforcement Act of Pennsylvania (Act of May 5, 1921, P. L. 407) provides in section 20 as follows: "That from and after the passage of this act, any person who shall manufacture, sell, offer for sale, furnish, transport, import, export or possess any intoxicating liquor within the State for beverage purposes, except as hereinafter provided, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine of not less than one hundred dollars, nor more than five thousand dollars, or undergo an imprisonment of not more than three years, or both, at the discretion of the court."

The phrase "except as hereinafter provided," as used in the above section, has reference only to the provisions of section 22, which are as follows: "It shall not be unlawful to possess intoxicating liquor in one's private dwelling, provided such liquor is for use only for the personal consumption of the owner thereof and his family residing in such dwelling, and of his *bona fide* guests when entertained by him therein, which entertainment shall not be deemed an unlawful furnishing. The term 'private dwelling' shall be construed not

1 D. & C.

only in its ordinary sense, but also to include the room or rooms used and occupied, not transiently, but solely, as a residence, in an apartment-house, hotel or boarding-house."

These sections make it clear that Pennsylvania is a state "the laws of which . . . prohibit the manufacture or sale therein of intoxicating liquor for beverage purposes," and which, therefore, falls squarely within the language of the Reed Amendment. The Woner Act thus operates with the Reed Amendment to prevent the importation of intoxicating liquor into this State for beverage purposes.

Whether the Reed Amendment will operate differently in states where the prohibition laws permit the transportation of liquor for personal use upon a permanent change of the owner's residence, is a question which depends upon the construction of that amendment, and not of the State law, and as such is solely within the province of the Federal authorities. But this question cannot arise in relation to Pennsylvania, for the Woner Act does not permit such transportation.

I accordingly advise you:

1. That Pennsylvania is a state "the laws of which . . . prohibit the manufacture or sale therein of intoxicating liquor for beverage purposes" within the language of the Reed Amendment.

2. There is no provision in the Woner Prohibition Enforcement Act of Pennsylvania permitting the transportation of liquor into the State for personal use upon the owner's change of residence. It is quite clear that any one moving his residence into the State and attempting to bring liquor with him for beverage purposes would be guilty of a violation of the law of the State.

From Guy H. Davies, Harrisburg, Pa.